## Portner *v.* Wible Bros. et al., Appellants.

*Negligence—Motor truck—Personal injuries—Case for jury—Witness—Hostile witness—Reference to insurance company.*

In an action of trespass to recover damages for personal injuries, the case is for the jury, and a verdict for the plaintiff will be sustained where there was evidence that defendant's truck was driven onto a sidewalk where it struck and injured the plaintiff.

In such case a mere reference to an insurance company volunteered by a witness called by plaintiff, but obviously hostile to her, is not ground for the withdrawal of a juror.

Argued October 6, 1927. Appeal No. 27, October T., 1927, by S. Buono, from judgment of C. P. No. 2, Philadelphia County, September T., 1925, No. 11,885, in the case of Rose Portner and Isadore Portner v. S. Buono and Howard Wible and George Wible, individually and as co-partners, trading as Wible Bros. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, JR., J.

The facts are stated in the opinion of the Superior Court.

Verdicts in the sum of $1,500 for Rose Portner and $350 for Isidor Portner and judgments thereon. S. Buono appealed.

*Errors assigned,* were to the charge of the Court, refusal of defendant's motion for judgment non obstante veredicto, and refusal of defendant's motion to withdraw a juror.

*G. Levering Arnhold,* for appellant.

*Michael D. Hayes,* and with him *Wilson & McAdams,* for appellee.

OPINION BY LINN, J., November 21, 1927:

The jury has found that plaintiff, while on the sidewalk at the north-east corner of 5th and Morris Streets in Philadelphia, was struck and injured by appellant's motor truck negligently driven on the sidewalk. As there was a conflict of evidence, binding instructions would have been improper.

The only remaining complaint is to the refusal to withdraw a juror in response to a motion to do so, based on a reply to a question asked of the defendant's truck driver, who was called as a witness by plaintiff. His testimony surprised plaintiff's counsel, who at once confronted him with his signed statement of the occurrence contradicting his testimony. He denied that he stated what was on the paper. The trial judge then interrogated the witness who soon remembered the statement. In replying to the judge's question, "Didn't you care enough about it to know whether you were putting your name to something that was not right"? the witness said, "I thought he was from our insurance company." The motion to withdraw a juror followed. The judge properly declined it, stating however, that he would instruct the jury on the subject if defendant's counsel wished it; the proffered instruction was not desired.

It is too clear for discussion that the reference to "our insurance company" so volunteered by the witness obviously hostile to the plaintiff, was not prejudicial to the defendant within the rule sought to be invoked; see King v. Keller, 90 Pa. Superior Ct. 596, where the subject was recently considered.

Judgment affirmed.